```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUN 0 1 2012
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

HERBERT SINGER,

                Plaintiff,

-v-

MACY'S, INC., ET AL,

                Defendants.

------------------------------------------------------------X

11 Civ. 08192 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

     The Court has received the following letters from the parties: a May 21, 2012, letter from Plaintiff requesting leave to withdraw his improperly filed Amended Complaint; a May 29, 2012, letter from Plaintiff requesting leave to take additional depositions and a May 31, 2012, letter from Defendants opposing this request; and a May 31, 2012, letter from Defendants raising certain other discovery disputes. At the time of signing this Order, the Court has not yet received a response to the May 31, 2012, letter from Defendants raising additional discovery disputes. Any response by Plaintiff shall be submitted on or before 5:00 pm, June 4, 2012.

    A. <u>Request for Leave to Withdraw Amended Complaint</u>

     The Court GRANTS Plaintiffs request for leave to withdraw his improperly filed Amended Complaint. Defendants do not oppose this request. (05/31/12 ltr. from Def. at 1 n.2).

    B. <u>Request for Leave to Conduct Additional Depositions</u>

     Plaintiff requests leave to conduct at least fifteen depositions, "as well as a small number of [depositions of] additional witnesses," arguing that Defendants "could produce any or all of the fifteen individuals at trial" and that Plaintiff cannot depose only a subset of these witnesses because each may be a witness of events at issue in this case. (05/29/12 ltr. from Pl. at 3). Plaintiff has not at this point demonstrated that depositions of any or all of these individuals are necessary or appropriate under Rule 26(b)(2)(C) or that the Court should lift the presumptive limit of ten depositions set by Rule 30. *See Atkinson v. Goord*, 2009 U.S. Dist. LEXIS 27851, at *3-4 (S.D.N.Y. Apr. 2, 2009).

     Plaintiff has not suggested what discoverable information he believes these individuals have other than broad statements that they are "witnesses" with "unique personal knowledge" of events giving rise to Plaintiffs' causes of action and, in fact, states that "most" of these witness are "unknown factors" about whom Plaintiff "possesses only the barest information." (5/29/12 ltr. from Pls. at 2 & n.2). The Court notes that other discovery mechanisms are available through

1

which Plaintiff may focus his deposition requests to individuals whose depositions are actually necessary to this case, including document requests, interrogatories, and requests for admission, as well initial depositions of individuals known to have information important to this case. As such, Plaintiff's request to take additional depositions is DENIED.

Defendants raise an issue regarding deposition locations. The Court firmly believes this is a matter the parties should be able to resolve on their own, without Court intervention. Regardless, the Court has not been presented with a motion to quash any specific deposition(s) and therefore declines to address this issue at this point.

The Court _strongly encourages_ the parties to make every effort to resolve discovery disputes through the meet and confer process before bringing these disputes to the Court. A cooperative discovery process, in which both sides make reasonable discovery requests and both sides work diligently to meet their discovery obligations is in the best interests of all parties.

Dated: June __, 2012
New York, New York

_____
ALISON J. NATHAN
United States District Judge