UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

HERBERT SINGER,

                 Plaintiff,

-v-

MACY'S, INC., ET AL,

                 Defendants.

-------------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUN 0 5 2012
```

11 Civ. 08192 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

     The Court has received a May 31, 2012, letter from Defendants raising certain discovery disputes and, pursuant to the Court's June 1, 2012, order a responsive letter from Plaintiff dated June 4, 2012. Because it appears that a number of the disputes that have been presented to the Court are premature, the Court reiterates its admonishment to both parties that they attempt to resolve matters cooperatively.

    A. <u>Interrogatories Nos. 7 and 9</u>

     Defendants argue that Interrogatory No. 7, which requests that Defendants "identify all information . . . that [was] shown, communicated, and/or otherwise provided to plaintiff during his store visits as well as the names of witnesses who observed the same" is beyond the scope of Local Rule 33.3(a), which limits interrogatories at the commencement of discovery to, among other things, those seeking a "general description of relevant documents." Local. Civ. R. 33.3(a). Regardless of whether this interrogatory falls within the scope of Rule 33.3(a), it appears to be within the scope of Rule 33.3(b), as it seeks identification of specific documents shown to Plaintiff during his store visits, information that it would be impractical to elicit through depositions under the circumstances of this case. *See Madanes v. Madanes*, 186 F.R.D. 279, 290 (S.D.N.Y. 1999) ("In this case, interrogatories are a more efficient means of identifying accounts than either demands for account documents or depositions of witnesses who could hardly be expected to have comprehensive memories of their financial affairs.").

     As to Interrogatory No. 9, the Court notes that this dispute appears premature, as Plaintiffs' letter states that Plaintiff is willing to forgo receiving the requested information at this time, without waiving its right to seek it later in the discovery process.

    B. <u>Form of Production</u>

     It appears based on Plaintiff's letter, in which Plaintiff offers to forgo receipt of document metadata until and to the extent such metadata is required and suggests that Plaintiff

may be prepared to limit this request, that the parties would benefit from further discussions regarding the form of production of documents. Defendants' request for a protective order is therefore DENIED.

C. Plaintiff's Request for Production No. 24

Plaintiffs' Request for Production No. 24 seeks "[a]ll documents and communications to, by, on behalf, and/or among/within employees of the company (exclusive of counsel) concerning the Plaintiff and/or the allegations in the Complaint." This request is plainly overbroad to the extent it seeks "all documents and communications . . . concerning the Plaintiff," as there is no qualification to this request that would limit it to "documents and communications . . . concerning the Plaintiff" that are relevant to this litigation or reasonably likely to lead to the discovery of admissible evidence related to this litigation.

To the extent that Defendants contend that this request seeks privileged information, the Court notes that the request excludes documents or communications made "to, by, on behalf, and/or among/within . . . counsel."[1] Plaintiff's letter further makes clear that he does not seek the production of privileged documents. (Pl. Ltr. at 2-3). The Court does not have before it any specific claim of privilege and lacks information sufficient to assess Defendants' representation that "all of the information responsive to this request is protected by attorney-client privilege and/or the work product doctrine." (Def. Ltr. at 3). Based on the positions taken, this appears to be an issue ripe for further good-faith discussions among the parties as to the scope of the request, whether there may be any non-privileged documents responsive to the request, and the procedure the parties wish to adopt regarding claims of privilege and Federal Rule of Civil Procedure 26(b)(5).

Defendants' request for a protective order on this point is GRANTED to the extent the request seeks "all documents and communications concerning the Plaintiff" without limitation and otherwise DENIED. This matter is hereby referred to the Magistrate Judge for general pretrial supervision.

Dated: June 5, 2012
New York, New York

_____
ALISON J. NATHAN
United States District Judge

---

[1] Defendants appear to view this as a request "[c]oncerning the [p]reservation of [i]nformation [c]oncerning Plaintiff's [c]laims." As quoted to the Court, this is not the information sought by this request.