```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
HERBERT SINGER,                                             :
                              Plaintiff,                    :
                                                            :
        -v-                                                 :
                                                            :
                                                            :
MACY'S, INC., ET AL,                                        :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUL 2 4 2012

11 Civ. 08192 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

Proposed Defendant Department Stores National Bank ("DSNB") seeks to intervene as a defendant and counterclaim plaintiff in this matter, which relates to Plaintiff's purchase of certain goods using a store credit card and the alleged misconduct of the Defendants associated with that transaction. (Am. Compl. at 1-2). DSNB seeks to intervene either as a matter of right under Federal Rule of Civil Procedure 24(a)(2), or permissively under Rule 24(b). Plaintiff has not filed a response to this motion, and it is thus unopposed. For the reasons articulated below, DSNB's motion to intervene is GRANTED.

## I. BACKGROUND

According to Plaintiff's Amended Complaint, this matter arises out of a transaction in which he made certain purchases at a Bloomingdales store, having been promised that he would receive a ten percent discount on purchases made on a store credit card. (Am. Compl. ¶¶ 14-45). According to Plaintiff, these discounts were not properly applied and, after a substantial series of conversations with persons employed by Defendants, Plaintiff was reported to one or more credit agencies for failure to pay for these purchases, ultimately damaging his credit in ways having serious repercussions to his ability to refinance his home mortgage. (Am. Compl. ¶¶ 46-173). Plaintiff asserts a number of causes of action, including breach of contract, fraud, violation of the Maryland Consumer Protection Act, negligence, and violation of the U.S. Fair Credit Billing Act and U.S. Fair Credit Reporting Act.

According to its motion to intervene and proposed pleadings, DSNB is a national bank and issued the Bloomingdales credit card that Plaintiff used to make the purchases at issue. (Mot. Ex. 1 (Proposed Counterclaim) ¶ 2, 7-10; *see also* Mot. at 1). DSNB seeks to assert counterclaims for Plaintiff's failure to pay the balance due on this credit card from these purchases. (Mot. Ex. 1 at ¶¶ 10-15; *see also* Mot. at 1). DSNB argues it is a proper party to this action because it is the entity that entered into the credit card agreement with Plaintiff and extended credit to Plaintiff to make the purchases at issue, and because it has a direct interest in prosecuting its counterclaim to recover the balance owed to DSNB. (Mot. at 2).

1

## II. ANALYSIS

The Court does not need to reach DSNB's claim that it is entitled to intervene as of right in this matter because it finds that permissive intervention is appropriate. Under Federal Rule of Civil Procedure 24(b), permissive intervention is appropriate on a timely motion where a party has "a claim or defense that shares with the main action a common question of law or fact." District courts have "broad discretion" in deciding whether to grant permissive intervention. *See Freydl v. Meringolo*, 2012 U.S. Dist. LEXIS 72647, at *6 (S.D.N.Y. May 22, 2012). Permissive intervention is generally inappropriate if it will unduly delay or prejudice the adjudication of the original parties' rights. *See id.* at *5. Courts also consider the following factors in determining whether to allow permissive intervention: (1) the nature and extent of the intervenor's interests; (2) the degree to which those interests are adequately represented by other parties; and (3) whether allowing intervention will significantly contribute to the full development of the underlying factual issues in the suit and the just and equitable adjudication of the legal questions presented. *Id.* at *5-6.

There appears to be a substantial factual overlap between at least DSNB's counterclaims and the facts underlying Plaintiffs' claims that he was improperly over-billed by Defendants because he was not afforded the agreed-upon discount. No argument has been advanced that allowing intervention will prejudice the parties or unduly delay the litigation—Plaintiff has not opposed the motion to intervene and DSNB is represented by the same counsel as the current Defendants in this case. DSNB further argues that it has an interest in responding to Plaintiffs' breach of contract claim and is the "proper entity to defend" that claim. Although it is not entirely clear to the Court from the face of Plaintiffs' Amended Complaint exactly which entities are claimed to have entered into and breached the alleged contract (Amended Complaint ¶¶ 174-190), Plaintiff does not dispute this assertion. This suggests that DSNB has an interest in intervening beyond its counterclaim and may contribute to the just and equitable adjudication of the issues presented in this case.

DSNB's motion to intervene is GRANTED.

Dated: July __, 2012
New York, New York

_____
ALISON J. NATHAN
United States District Judge